Mr. Chief Justice Sharkey
delivered the opinion of the court.-
This suit was brought against the maker and the indorser of a promissory note. To establish the liability of the indorser, the notary was called, who testified that he presented the note at the bank where it was made payable, on the last day of grace, during banking hours.- On being questioned as to the particular time of presentment, he stated that he had no recolÍction of the fact of presentment, or the precise time at which "ccurred, except by reference to his protest, then before him, but had no doubt that he did so present the note. He further stated, that when he commenced acting as notary, he adopted the rule of presenting notes on the last hour of banking hours, on the last day of grace, and about the close of the business hours, believing that practice to conform to the law. He had *472 no recollection, however, of the time when presentation was made in this case. His practice was to take the note away with him when payment was refused. He did not recollect that he ever remained in bank until it closed, except on one occasion, and did not recollect or believe that he pursued that course with this note. He would not say that he presented this note one hour, or one minute, or any specific time before the close "of banking hours, except from his usual habit of making demand about the time the bank closed. Notice was delivered to the indorser at his residence. The teller in the bank stated that the bank had regular business hours, from ten o’clock, A. M. until two, P. M., and, by the custom of the bank, debtors had until the expiration of banking hours to pay, and that no note was considered dishonored, if payment was made at the last moment.
On this evidence the defendant’s counsel requested the court to charge the jury, that if they believed it was the usage and custom of the bank to regard notes payable there, as only due at the expiration of business hours on the third day of grace, then notes made payable at the bank are governed by this usage, and the note sued on was not due until the expiration of business hou^ on the third day of grace, and that a presentation and demand of payment before that time, is insufficient to charge the indorser.
That it is incumbent on the plaintiff to prove to the satisfaction of the jury, that the note was left in bank, and was there when the bank closed on the third day of grace; and if such proof is not made they must find for the defendant.
That in order to charge an indorser, the testimony must not leave it doubtful whether the note was in bank when it closed, but it must appear clearly and satisfactorily that it was there„
The court refused the instructions, except with this modified tion; that if the note was in bank at the close of business hours; or if it was presented by the notary, and payment demanded, at the close of business hours; or if a demand was made by him at some reasonable or convenient time before the doors were closed on the third day of grace, it will be sufficient, to charge the indorser.
*473 The law undoubtedly is, that by making a note payable at a particular bank, the parties are presumed to consent to be governed by such customs as may prevail in the bank, with regard to making demand of payment. ,A greater strictness must be observed in making these constructive demands, than is necessary in personal demands. A personal demand may be made at any time during the third day of grace, but a constructive demand at bank, having regular business hours, must be made at the close of the business hours, for the maker has until that time to deposit the money for the payment of the note. This rule has in it more strictness than reason; but as it is so established, it is best not to depart from it.
It is very difficult to distinguish this case from that óf The Planters Bank v. Markham, 5 How. 397, and yet there is some difference. In both cases the notaries state that they do not recollect the precise time of presentment; but in this case the notary states that it was his usual habit to present notes for payment about the close of business hours, which rule he had adopted from a conviction that in that way only would an indorser be bound. Had this testimony been left to the jury without a charge, it is quite probable they would have found for the plaintiff. The quéstion was so nicely balanced as to make it proper that it should have been left to the jury to say whether the demand in this instance was made about the close of business hours. In the case of The Planters Bank v. Markham, it was said, “ that a note or other security thus payable at a bank, cannot be considered as due until the expiration of the hour allowed for payment by the invariable usage of the bank; and that it must be left at the bank until the completion of the allotted hour.” In the application of this rule to notes J^d by the bank, there can be no difficulty. But it may be ^acting too much to require a literal compliance when notes are held by individuals. There is no rule of law which compels a holder to deposit his note in the bank at which it was made payable. If it be presented there at the close of business hours, it must be sufficient; and this I apprehend was all that was meant in the decision of .The Planters Bank v. Markham. *474 Here a difficulty again occurs; must the demand be made at the yery moment of closing the doors of the bank, that point of time being the termination of business hours 1 Or will some anterior time answer the purpose 1 The law does not prescribe impracticable rules. Its requirements are reasonable, and probably .a few minutes would be regarded as of little consequence in the application of the rule. But the court seems to have laid down the rule of law with greater latitude than is fairly warrantable, when it was said a demand made “ in some reasonable or convenient time before the doors were closed,” would be sufficient. We would avoid verbal criticisms as much ás possible, and yet it sometimes becomes necessary to weigh the signification of words. A reasonable time would present a question of law; but a “convenient time” before the closing the doors is too indefinite. It must mean the convenience of the notary; and it might best suit his convenience to make the demand in the morning when the doors were opened. The charge sustained, would establish a new rule, and lead to refinements of a perplexing character, which should be avoided. We therefore conclude there was error in the charge, for which the judgment should be reversed, and the cause remanded.